UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH J. STANISIC,<br><br>   Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>   Defendant. | Case No. 14-cv-03744-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

  Currently before the Court is defendant's motion to dismiss Counts I and II of plaintiff's complaint. Dkt. No. 10. For the reasons set forth below, the Court GRANTS defendant's motion.

## BACKGROUND

  This case involves a dispute over the amount of monthly benefits and retroactive lump sum benefits owed to a retiree. On January 21, 2011, plaintiff filed an application for retirement insurance benefits. Administrative Record ("AR") at 12. Plaintiff was seventy-two years old at that time. *Id.* On February 19, 2011, plaintiff received notice of his entitlement to monthly retirement benefits dating back to July 2010, as well as to a retroactive lump-sum benefit payment of $9,730 to cover the period of July 2010 to January 2011. *Id.* at 19-21.

  On April 21, 2011, plaintiff requested a reconsideration of his monthly retirement benefits. He argued that the monthly amount did not reflect the postponement of his retirement until the age of seventy-two, and did not reflect his income from 1978, 1979, and 1997. *Id.* at 23-27. The Social Security Administration ("SSA") denied plaintiff's request because he did not provide evidence of income earned in 1978, 1979, and 1997. *Id.* at 27-30. The SSA further explained that retirement benefits cease to increase after age seventy, pursuant to 42 U.S.C. §402(w). *Id.* at 29.

On December 14, 2011, plaintiff filed a second request for reconsideration challenging the calculation of his retroactive lump-sum retirement benefit payment. *Id*. at 31-34. He argued that he was entitled to additional retroactive benefit payments for the twenty-three months between July 2008, when he turned age seventy, to July 2010, when his retroactive benefits went into effect. *See id.* at 32. The SSA denied plaintiff's second request for reconsideration, finding that the retroactive benefits were correctly paid for the six months prior to the date of his application for benefits. *Id*. at 35.

On March 12, 2012, plaintiff filed a written request for a hearing with an Administrative Law Judge ("ALJ"). *Id*. at 36. On November 29, 2012, the ALJ ruled that the SSA properly calculated plaintiff's benefits. *Id*. at 12-15. Plaintiff requested review of the ALJ's decision, and the Appeals Council denied his request, making the ALJ's decision the final decision of the Commissioner. *Id*. at 3-5.

On August 14, 2014, plaintiff, appearing pro se, filed his complaint for judicial review of the Commissioner's final decision on his retirement benefits claim. Dkt. No. 1. Plaintiff also brings two counts of negligence against the Commissioner. Complaint for Damages at 1-2. In Count I, plaintiff contends that the Commissioner was negligent when she failed to notify plaintiff that retirement benefits cease to increase after age seventy. *Id*. at 2. He claims that the Commissioner should have added a statement in the SSA annual beneficiary statement directing prospective recipients to apply for benefits before age 70.5 to avoid a partial loss of benefits. *Id*. In Count II, plaintiff contends that the SSA was negligent when the Appeals Council denied review of the ALJ's November 2012 ruling because his claim involved "a broad policy or procedural issue that may affect the public interest." *Id*. at 2-3 (quoting 20 C.F.R. § 404.970).

Defendant moves to dismiss Counts I and II under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 10. Defendant states that plaintiff failed to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA") and failed to name the proper party. Motion at 2.

United States District Court
Northern District of California

# LEGAL STANDARDS

## I. Rule 12(b)(1) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. *See* Fed. R. Civ. P. 12(b)(1). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In ruling on a motion to dismiss, the Court will take all material allegations in the complaint as true and will construe them in the light most favorable to the plaintiff. *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

## II. Legal Standard under the FTCA

"Sovereign immunity is an important limitation on the subject matter jurisdiction of federal courts." *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). The United States and its agents are immune from suit except where the United States has waived sovereign immunity and consented to be sued. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA waives the United States' sovereign immunity for certain claims seeking monetary damages "arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008) (citing 28 U.S.C. § 1346(b)(1)).

The FTCA sets forth several jurisdictional prerequisites before tort claims against the United States can be brought in court. The FTCA requires parties to first file a claim with the appropriate federal agency. *See* 28 U.S.C. § 2675(a). Federal courts do not have subject matter jurisdiction unless the agency denies the claim or six months have passed since the claim was filed. *See id.* The Ninth Circuit has repeatedly held that "the [administrative] exhaustion requirement is jurisdictional in nature and must be interpreted strictly." *Vacek*, 447 F.3d at 1250; *see also Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992).

3

**DISCUSSION**

Plaintiff asserts two negligence claims against defendant Carolyn W. Colvin, Acting Commissioner of Social Security. Complaint for Damages at 2-3. Defendant argues that these claims must be dismissed because plaintiff has not exhausted his administrative remedies as set forth by the FTCA, 28 U.S.C. § 2675(a). Motion at 5.

Plaintiff has not exhausted any administrative remedies for his negligence claims and "does not object to the dismissal of the two negligent causes of action against the Commissioner if the dismissal is without prejudice to the Plaintiff." *See* Response at 4. While there may be exceptional circumstances in which it is appropriate to excuse compliance with the exhaustion requirement, the record here does not compel such a finding. *See, e.g., Bowen v. City of N.Y.,* 476 U.S. 467, 482 (1986) (plaintiffs' failure to exhaust administrative remedies was excused where government's secretive conduct precluded claimants from being aware that government was acting pursuant to illegal internal policy). Before plaintiff may pursue his claims in court, he must first file his tort claims with "the appropriate Federal agency within two years after such claim accrues." *See* 28 U.S.C. §§ 2401(b), 2675(a). Plaintiff appears to be aware of the procedural requirements for exhaustion under the FTCA and states that he is preparing to commence this process.[1] *See* Response at 4-5.

Defendant's motion to dismiss the tort claims is therefore granted, without prejudice to plaintiff's re-filing after he exhausts his administrative remedies. The Court retains jurisdiction to review the Commissioner's final decision on plaintiff's retirement claims, pursuant to 42 U.S.C. § 405(g), a separate issue from the tort claims. Because the Court does not have subject matter jurisdiction over Counts I and II, the Court need not reach defendant's alternative Rule 12(b)(6) argument.

---

[1] Plaintiff's administrative tort claim need not be extensive to be exhausted. *See Goodman v. United States,* 298 F.3d 1048, 1055 (9th Cir. 2002). Plaintiff only needs to file a brief written notice or statement with defendant "containing a general description of the time, place, cause and general nature of the injury and the amount of compensation demanded." *Id.*

4

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss Counts I and II of plaintiff's complaint, without prejudice to plaintiff's refiling the claims after he has exhausted his administrative remedies.

The deadlines set forth in the August 18, 2014 procedural order, which governs plaintiff's judicial review complaint, are hereby amended. *See* Dkt. No. 2 at 1.

---**Defendant shall file her answer by <u>September 21, 2015.</u>**

---**Plaintiff shall file either a motion for summary judgment or a motion for remand by <u>October 19, 2015</u>.**

---**Defendant shall file her opposition and/or counter-motion by <u>November 16, 2015</u>.**

---**Plaintiff may file his reply, if any, by <u>December 4, 2015</u>**.

**IT IS SO ORDERED**.

Dated: September 9, 2015

_____
SUSAN ILLSTON
United States District Judge