UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH J. STANISIC,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br><br>    Defendant. | Case No. 14-cv-03744-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 18, 19 |

Now before the Court are plaintiff's motion for remand and defendant's cross-motion for summary judgment. Docket Nos. 18, 19. Having carefully considered the parties' arguments, the Court hereby DENIES plaintiff's motion and GRANTS defendant's motion.

**BACKGROUND**

This case involves a dispute over the amount of monthly benefits and retroactive lump sum benefits owed to a retiree. The full factual and procedural history is laid out in the Court's order granting defendant's motion to dismiss. *See* Docket No. 16. To summarize, plaintiff initially applied for retirement benefits at the age of 72. Administrative Record ("AR") at 12. He argues that by delaying his retirement age, he missed out on retirement benefits totaling approximately $30,000. Plaintiff's Motion at 2-3.

Following several unsuccessful requests for reconsideration, plaintiff filed a written request for a hearing with an Administrative Law Judge ("ALJ"). AR at 12, 36. On November 29, 2012, the ALJ ruled that the Social Security Administration properly calculated plaintiff's benefits. *Id*. at 12-15. Plaintiff requested review of the ALJ's decision from the Appeals Council, and the Appeals Council denied his request on June 12, 2014. *Id*. at 3-6.

On August 14, 2014, plaintiff, appearing pro se, filed his complaint for judicial review of the Commissioner's final decision on his retirement benefits claim. Docket No. 1. Plaintiff also brought two counts of negligence against the Commissioner. *Id.* On June 3, 2015, defendant moved to dismiss the negligence claims. Docket No. 10. After granting plaintiff an extension of time to oppose, on September 9, 2015, the Court granted defendant's motion to dismiss and reset the filing deadlines in this case. Docket No. 16.

On October 19, 2015, plaintiff filed the instant motion for remand. Docket No. 18. He does not ask the Court to review the ALJ's decision regarding his retirement benefits but rather asks that this Court order "a thorough evaluation by the [Appeals Council] of Plaintiff's contention that the annual benefits statement should be revised under Rule No. 4 to advise prospective retirees not only how to maximize their benefits, but also how to avoid a loss of retirement benefits by filing for benefits after 70 years of age." *Id*. at 2. On November 16, 2015, defendant filed a cross-motion for summary judgment arguing, in part, that the Court lacks jurisdiction to review the Appeals Council decision because it was not the final agency action in this case. Docket No. 19 at 3. Plaintiff filed no reply.

## LEGAL STANDARD

The Social Security Act authorizes judicial review of final decisions made by the Commissioner. 42 U.S.C. § 405(g). The court may enter a judgment affirming, modifying or reversing the decision of the Commissioner, with or without remanding the case for a rehearing. *Id.* "When the Appeals Council denies a request for review, it is a non-final agency action not subject to judicial review because the ALJ's decision becomes the final decision of the Commissioner." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011); *see also* 20 C.F.R. § 416.1481. In such situations, courts "may neither affirm nor reverse the Appeals Council's decision." *Taylor*, 659 F.3d at 1231.

## DISCUSSION

Plaintiff does not seek a judgment affirming, modifying or reversing the decision of the

ALJ. Plaintiff's Motion at 2. He asks instead that the case be remanded to the Appeals Council for it to consider amending the annual benefits statement regarding retirement benefits. *Id.* Plaintiff asserts that his case implicates a "broad policy or issue that [may] affect the public interest" and thus the Appeals Council should have heard his case. *Id.*; *see also* 20 C.F.R. § 404.970(a)(4). However, where the Appeals Council denied review, as it did here, the Court lacks jurisdiction to review the Appeals Council's determination. *See Taylor*, 659 F.3d at 1231. Plaintiff has not challenged the ALJ's decision, which is the final agency action in this case, and the Court does not have the power to grant the relief that plaintiff seeks.

## CONCLUSION

For the reasons stated above, plaintiff's motion for remand is DENIED and defendant's cross-motion for summary judgment is GRANTED. The November 29, 2012 decision of the ALJ remains as the final decision in this case.

**IT IS SO ORDERED**.

Dated: December 17, 2015

_____
SUSAN ILLSTON
United States District Judge